UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PHILLIP DOLE, | ] |
| Plaintiff, | ] |
| v. | ] CASE NO. 3:17-cv-826-WC |
| JASON POMEROY; COUNTRY PREFERRED INSURANCE COMPANY, | ] ] ] |
| Defendants. | ] |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Jason Pomeroy ("Pomeroy"), appearing solely for purposes of filing this notice, reserving all rights, defenses, exceptions and claims and without waiver thereof, hereby remove to this Court the state-court action described below pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the following grounds:

### I. STATEMENT OF JURISDICTION

1. This civil action falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and is one that may be removed to this Court by Mr. Pomeroy in accordance with the provisions of 28 U.S.C. § 1441 *et seq.* in that it is a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the properly joined and served defendants are of completely diverse citizenship to the plaintiff.

2. Removal of this action to this Court is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the District and division within which the removed state-court action was pending. Because the Complaint was filed in the Circuit Court of

1

Russell County, Alabama, this District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a).

3. As required by 28 U.S.C. § 1446(a), the following documents are attached hereto and are incorporated herein by reference:

Exhibit 1: Index of matters being filed;

Exhibit 2: Pleadings asserting causes of action filed in the state-court action;

Exhibit 3: Copies of all executed process and all process, pleadings and orders served in the case;

Exhibit 4: The docket sheet of the state-court action;

Exhibit 5: Affidavit of Jason Pomeroy;

Exhibit 6: Plaintiff's Responses to Defendant Country Preferred Insurance Company's First Request for Production of Documents;

Exhibit 7: January 29, 2016 Hughston Clinic Record

Exhibit 8: Country Preferred Insurance Company's Consent to Removal.

4. This notice of removal is filed pursuant to 28 U.S.C. § 1446(b)(1), as Mr. Pomeroy removes this matter within 30 days of the receipt of the initial pleading setting forth the claim or relief upon which such action or proceeding is based.

## II. STATEMENT OF FACTS

5. The Plaintiff, Phillip Dole ("Dole"), initiated this action on August 24, 2017 with the filing of his Complaint styled *Phillip Dole v. Jason Pomeroy and Country Preferred Insurance Company*, Case #CV-2017-900237 in the Circuit Court of Russell County, Alabama. (Exhibit 2, Complaint).

2

### A. Citizenship of Parties

6.  Mr. Dole is a resident citizen of the State of Alabama. (Exhibit 2, Complaint at ¶1).

7.  Mr. Pomeroy is, and has been for at least the last five years, a member of the United States Army. (Exhibit 5, Pomeroy Affidavit at ¶1). At the time of the filing of this lawsuit Mr. Pomeroy was assigned to Fort Wainwright in North Pole, Alaska. (Exhibit 5, Pomeroy Affidavit at ¶2). The Complaint initiating this lawsuit was delivered to Mr. Pomeroy's wife at their residence address in North Pole, Alaska on November 8, 2017. (Exhibit 5, Pomeroy Affidavit at ¶3).

8.  Mr. Pomeroy's permanent address of record with the United States Army is 32 29th Avenue, Hesston Kansas. (Exhibit 5, Pomeroy Affidavit at ¶9). Mr. Pomeroy currently has a Kansas driver's license and held a Kansas driver's license at the time of the accident that serves as the basis of this lawsuit. (Exhibit 5, Pomeroy Affidavit at ¶10). Mr. Pomeroy pays state income taxes to the state of Kansas and has done so for at least the last five years. (Exhibit 5, Pomeroy Affidavit at ¶11).

9.  At the time of the accident that serves as the basis of this lawsuit, Mr. Pomeroy was stationed at Fort Benning, Georgia and lived in Russell County, Alabama. (Exhibit 5, Pomeroy Affidavit at ¶4).

10. Defendant Country Preferred Insurance Company is an Illinois corporation with its principal place of business in Bloomington, Illinois. (Exhibit 2, Plaintiff's Complaint at ¶3).

3

## B. Amount in Controversy

11.     This lawsuit arises out of an automobile accident that occurred on or about September 9, 2015 in Russell County, Alabama. (Exhibit 2, Plaintiff's Complaint at ¶6).

12.     As a result of this accident, Mr. Dole alleges that he has suffered physical injuries and emotional distress/mental anguish. (Exhibit 2, Plaintiff's Complaint at ¶14-15). Mr. Dole further alleges that he is entitled to recover compensatory damages, including the costs of his past and future medical expenses, his past and future pain and suffering and for emotional distress and mental anguish. (Exhibit 2, Plaintiff's Complaint at ¶16).

13.     Specifically, Mr. Dole seeks recovery for medical costs, both present and future, from the Houston Clinic. (Exhibit 6, Plaintiff's Responses to Defendant Country Preferred Insurance Company's First Request for Production of Documents at ¶1 and 4). The January 29, 2016 medical record from the Houston Clinic referenced in Plaintiff's Responses to Defendant Country Preferred Interrogatories states in pertinent part as follows:

> As a result of the collision Mr. Dole suffered a traumatic lumbar spine injury at the L4-5 level [*sic*] his lumbar spine.
>
> He has failed conservative treatment and is a candidate for surgical intervention; which is outlined below.
>
> Mr. Dole is a candidate for an L4-5 Decompression, Fusion with Instrumentation, Iliac Crest Bone Graft and Allograft. He will be hospitalized for 3-5 days following this procedure. The surgeon's fees for this procedure are approximately $19,909.00. The hospitalization fees for this procedure are approximately $175,630.00.

(Exhibit 7, January 29, 2016 Hughston Clinic Record).

14.     Therefore, Mr. Dole seeks in excess of $195,000 in compensatory damages for a surgical procedures that he contends is related to this accident. As noted above, Mr. Dole seeks

4

unspecified damages for mental anguish/pain and suffering, as well as an unspecified amount for punitive damages, in addition to the amounts sought for medical expenses.

### III. BASIS OF JURISDICTION

15. This Court has jurisdiction over this matter pursuant to §1332, as the properly named parties are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

#### A. Diversity of Citizenship

16. "A district court may exercise diversity jurisdiction only if there is complete diversity between the parties, that is, no two adverse parties are citizens of the same state." *Ranbaxy Labs. Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)).

17. Further, for purposes of determining citizenship, the Court must look at the facts as they existed at the time of the filing of the complaint. "In determining whether a district court had jurisdiction, we look to the facts as they existed at the time the action was filed." *Household Lustig v. Stone*, 679 F. App'x 743, 744 (11th Cir. 2017)(citing *Bank v. JFS Group*, 320 F.3d 1249, 1259 (11th Cir. 2003)).

18. Mr. Dole is a resident citizen of Alabama.

19. Mr. Pomeroy's permanent address of record is in Kansas, which is also the state wherein he has paid state income taxes for at least the last five years and the through whom, at all times relevant to this lawsuit, he has been licensed to drive. At the time of the filing of this lawsuit, Mr. Pomeroy lived in Alaska and was served with this lawsuit in Alaska.

20. Although Mr. Pomeroy was stationed in Georgia and lived temporarily in Alabama at the time of the accident, that fact is not relevant for purposes of determining his citizenship as it relates to this Court having jurisdiction over this matter pursuant to §1332. Mr. Pomeroy has no other connection to the state of Alabama that could conceivably make Alabama his domicile at the time of the filing of this lawsuit.

21. Defendant Country Preferred is a resident citizen of Illinois.

22. There is, therefore, complete diversity among the parties.

### B. Amount in Controversy

23. Federal district courts have original jurisdiction of civil actions when there is diversity between the Plaintiff and Defendants, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

24. This matter was removed to this Court pursuant to § 1446(b)(1).

25. Additionally, because this matter is removed to this Court pursuant to § 1332(a), the amount in controversy requirement is analyzed pursuant to § 1446(c)(2), which provides as follows:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

6

> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446.

26. The preponderance of the evidence standard is appropriate in the matter at hand because Mr. Dole does not state a specific amount of damages sought in this action. *Butler v. Charter Commc'ns, Inc.*, 755 F. Supp. 2d 1192, 1194 (M.D. Ala. 2010)("To sustain federal removal jurisdiction based on diversity of citizenship in a case in which the complaint as filed in a state court seeks an unspecified amount of damages, however, the burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00").

27. In asserting that the amount in controversy exceeds $75,000, a removing defendant may either establish that the amount in controversy is "facially apparent" from the pleadings, or the defendant may present evidence establishing that the amount in controversy requirement is met:

> If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000). In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir.2010). In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id.* at 754 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir.2001)).

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)(footnote omitted).

7

28.     The Eleventh Circuit has made clear that, although the burden is placed upon the defendant to establish the amount in controversy, a defendant need not establish the jurisdictional threshold to an absolute certainty.  Further, in assessing whether a defendant has presented sufficient evidence that the amount in controversy exceeds $75,000, the Court does not engage in impermissible speculation by employing its own common sense experiences in evaluating the claims and associated damages and determining whether the amount in controversy requirement is met.

> But *Lowery* did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible, as some district courts have thought. That was not the question in *Lowery*. Instead, the question was how to apply the preponderance of the evidence standard in the "fact-free context" of that particular case. The answer we gave is that without facts or specific allegations, the amount in controversy could be "divined [only] by looking at the stars"—only through speculation—and that is impermissible.
>
> A different question is presented, however, when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. That kind of reasoning is not akin to conjecture, speculation, or star gazing.
>
> The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life. As Justice Holmes observed, "all life is an experiment. Every year if not every day we have to wager our salvation upon some prophecy based upon imperfect knowledge."

*Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010)(citations omitted).

29.     The Eleventh Circuit explained why the use of common sense and judicial experience concerning claims asserted is necessary, and not just beneficial, particularly with respect to the more nebulous and indefinite damages that may be awarded in connection with

8

punitive damage claims and claims wherein mental anguish or emotional distress is sought.

> Sometimes, when a plaintiff's allegations are viewed in light of the award factors [set forth in the wrongful death jury charges], it will be clear that the jurisdictional minimum is likely met. In such circumstances, preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. This rule would reward plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant. *Pretka*, 608 F.3d at 766.
>
> For instance, a plaintiff could "defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim." *Id.* Plaintiffs skilled in this form of artful pleading could, with this "trick," simply "make federal jurisdiction disappear." *See id.* Indeed, if courts were to rely solely on a plaintiff's damage statements, as [the plaintiff] suggests, it is difficult to imagine a punitive damages suit that could be removed against a plaintiff's wishes. Both policy and precedent counsel against rewarding such obfuscating tactics.
>
> Thus, when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

30. Similarly, in *Pretka*, the Court addressed the plaintiffs' contention that any factual basis concerning the plaintiffs' claim for unliquidated damages must be supplied by the plaintiffs in accordance with the "receipt from the plaintiff rule." In rejecting this argument, and holding that evidence submitted by a defendant as to the amount in controversy was to be considered, the Court noted that such a rule as the one put forth by the plaintiffs would "undermine the purpose of the removal process."

> The interpretation of *McNutt* in the *Lowery* dicta would also undermine the purpose of the removal process, which "was created by Congress to protect defendants." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir.2005). "Congress did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *Id.* (quotation marks and citation omitted). While we construe removal statutes narrowly, we

9

do not rewrite them to add restrictions that cannot be found in their language and that would run counter to their purposes. *See Tenn. Valley Auth. v. Whitman*, 336 F.3d 1236, 1255 (11th Cir.2003) ("[N]o canon of statutory interpretation can trump the unambiguous language of a statute."). As the Supreme Court long ago admonished, "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186, 27 S.Ct. 184, 188, 51 L.Ed. 430 (1907); see also Legg, 428 F.3d at 1325.

The *Lowery* opinion's dicta would provide plaintiffs with a trick by which they could make federal jurisdiction disappear. A diverse plaintiff could defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim. That would subject the defendant's right to remove to the caprice of the plaintiff, which the Supreme Court has said in another context that we should not do.

*Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010)(citations omitted).

31. Implicit in the Eleventh Circuit's rationale in *Roe* and *Pretka* is that in instances where a plaintiff files a bare bones complaint, devoid of any facts or allegations that would shed any light upon the damages sought or the actual amount in controversy, evidence submitted by a defendant as to the amount in controversy, as well as the judicial experience and common sense of the district court, become all the more important, as these are the only two aspects from which the amount in controversy can be ascertained. Every action seeking monetary damages has a value, and if a plaintiff elects to withhold any evidence that he or she has concerning that value, the value advanced by a defendant becomes even more compelling, particularly in light of the policy considerations set forth above, and particularly in light of the fact that the plaintiff has not presented any evidence to rebut the evidence presented by the defendant.

32. In the matter at hand, and as will be discussed in more detail below, Mr. Pomeroy has presented evidence that the amount in controversy is in excess of $195,000, looking solely at

the surgical costs claimed by Mr. Dole. Based upon this evidence and the Court's ability to apply its own judicial knowledge concerning the amount at issue with respect to the claims asserted, the amount in controversy requirement is met.

33. In addition to the surgical costs, Mr. Dole also seeks unspecified damages for mental anguish and emotional distress, as well as an unspecified amount for punitive damages.

34. Finally, with respect to Mr. Dole's complaint, nothing is presented that would rebut the evidence presented by Mr. Pomeroy concerning the amount in controversy.

### IV. PROCEDURAL NOTICE

35. This removal is timely, as Mr. Pomeroy has filed this notice within 30 days of service of the complaint. *See* 28 U.S.C. §1446(b)(2)(C).

36. The only other party to this action, Country Preferred Insurance Company, consents to the removal of this action to this Court. (Exhibit 8)

37. Promptly after filing this Notice of Removal with this Court, Pomeroy will give notice of the removal to all adverse parties, and will file a copy of the Notice of Removal with the Circuit Court of Russell County, Alabama to effect the removal of this action to this Court, all in conformity with 28 U.S.C. § 1446(d).

38. No previous application has been made for the relief requested herein.

39. If any question arises regarding the propriety of the removal of this action, Mr. Pomeroy respectfully requests this Court the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

40. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Pomeroy hereby gives notice that the above entitled action is removed from the Circuit Court of Russell County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division.

Respectfully submitted,

/s/ W. Evans Brittain
W. Evans Brittain (BRI038)
Attorney for Jason Pomeroy

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, Alabama 36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that on this December 7, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the foregoing shall also be mailed via first class mail to the following:

David C. Rayfield (RAY029)
Waldrep, Mullin & Callahan, LLC
111 Twelfth Street, Suite 300
P O Box 351
Columbus, GA 31902-0351
davidrayfield@waldrepmulling.com

W. H. Brittain, II
Ball, Ball, Matthews & Novak, P.A.
P O Box 2148
Montgomery, AL 36102-2148
bbrittain@ball-ball.com

/s/ W. Evans Brittain
OF COUNSEL